IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Percy Bonner,                                    )
                                                 )
                                                 )
                                                 )
                                                 )
                    *Plaintiff*,                 )
                                                 )         21-cv-
              *-vs-*                              )
                                                 )
Thomas Dart, Sheriff of Cook                     )
County, and Cook County, Illinois,               )
                                                 )
                                                 )
                    *Defendants*.                )

## COMPLAINT

Plaintiff Percy Bonner, by counsel, alleges as follows:

1.     This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

2.     Plaintiff Percy Bonner was detained at Cook County Jail under booking number 2020-0227183. Presently, plaintiff is not detained at any correctional facility.

3.     Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity for the wrongdoing alleged in this complaint.

4.     Defendant Cook County shares responsibility with defendant Dart for housing detainees at Cook County Jail and is also joined in this

action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

5.      In March 2020, plaintiff was assigned to tier 3D of the Cook County Jail's Residential Treatment Unit (RTU). Plaintiff was assigned to this dorm because of several chronic medical conditions, including high blood pressure, diabetes, COPD, congestive heart failure, a history of pulmonary embolism, and sleep apnea.

6.      Since January of 2020 the Sheriff and County have been aware that the coronavirus poses a significant risk to the health and well-being of inmates at the jail.

7.      On January 24, 2020, policy makers for the Sheriff and Cook County received an e-mail from Roland Lankah, an Environmental Health Specialist for the Sheriff's Office, explaining that in the event of a coronavirus outbreak, it was essential for Cook County Jail to have an "urgent response" to disinfect the contaminated area. These individuals were also informed that that it was critical for each division to have proper personal protective equipment (PPE), including gowns, face-shields, and gloves, along with bleach, readily available in the event of an outbreak.

8.      After receiving this e-mail on January 24, 2020, policy makers for the Sheriff and Cook County failed to take reasonable measures to ensure adequate PPE was maintained in each division. Policy makers also failed to take reasonable measures to ensure adequate procedures were

-2-

in place in the event of an outbreak of coronavirus to disinfect contaminated areas.

9. On March 4, 2020, defendants knew that there were likely multiple cases of coronavirus at Cook County Jail, including the RTU. On this date, Dr. Chad Zawitz, an infectious disease specialist for Cook County, wrote an e-mail to policy makers for the Sheriff and County noting that Division 6 was under surveillance, that "[e]nhanced sanitation" was advisable for the housing units, and it was essential that staff and detainees to use appropriate hand hygiene. After receiving this e-mail, policy makers for the Sheriff and Cook County failed to take reasonable measures to ensure this was carried out.

10. By March, several inmates assigned to plaintiff's tier exhibited symptoms of coronavirus. Inmates, for example, appeared sick and there were no masks offered to detainees. At all times relevant, the jail staff knew the conditions of confinement were dangerous for the population and they failed to take reasonable measures to prevent harm to the inmates.

11. Prior to plaintiff contracting the virus in March, the defendants did not make available sufficient cleaning supplies, adequately clean and disinfect high-touch surfaces and objects, or implement social distancing strategies for the population assigned to plaintiff's tier.

-3-

12.    On or about March 17, 2020, plaintiff developed symptoms from the coronavirus. He had difficulty breathing, chills, and had a cough. Over the next several weeks the plaintiff's condition deteriorated.

13.    On April 6, 2020, plaintiff was transported to Storger for treatment of his symptoms, including difficulty breathing and extremely low oxygen levels.

14.    The correctional staff assigned to guard plaintiff at Stroger knew that plaintiff was severely sick and that he was being detained for a possession charge with a bond amount of $1,000.

15.    The Sheriff's records show that plaintiff was primarily assigned to the 7th floor to a special wing designated for Cook County Jail detainees known as "Ward 75." When detainees are assigned to this wing numerous correctional officers are assigned to this area and the detainee is always under the direct observation of armed correctional officers.

16.    While assigned to "Ward 75," plaintiff continuously had his hand and leg restrained to his hospital bed pursuant to a policy applied to detainees.

17.    The restraint of plaintiff to his bed was excessive, particularly because he was very ill while assigned to "Ward 75." It was obvious plaintiff was not a flight risk or a risk of attacking others while assigned to this location because he was critically ill with a serious respiratory illness.

18. Plaintiff complained to staff at Stroger that the restraints caused significant pain and bruising on his arm and leg, prohibited his ability to move in his bed to assist with breathing, and caused him to defecate on himself because he was unable to access a toilet. In response to these complaints, plaintiff was told that he was shackled to his bed due to policy.

19. On or about April 14, 2020, plaintiff was transferred to electronic monitoring, the restraints were removed from plaintiff's wrist and ankle, and plaintiff was permitted to return home.

20. The Sheriff's restraint practice, applied to plaintiff, was excessive, caused gratuitous pain, and violated plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

21. Defendants Dart and Cook County also violated plaintiff's rights because the conditions of confinement posed an unreasonable risk to his health. At all times relevant, defendants knew of the serious risk of harm caused by the coronavirus, but failed to take reasonable measures to protect inmates, like plaintiff, from contracting the virus.

22. Plaintiff seeks trial by jury on behalf of the damages.

It is therefore respectfully requested that the Court award compensatory damages for plaintiff, and that the costs of this action, including attorney's fees, be taxed against defendant Cook County.

/s/  <u>Patrick W. Morrissey</u>
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10150 S Western Ave. Ste. Rear
Chicago, IL. 60643
(773) 233-7900
<u>patrickmorrissey1920@gmail.com</u>
*an attorney for plaintiff*